ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JUN 20 2005

CLERK, U.S. DISTRICT COURT
BY_____
        DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | No. 4:05-130-MJ |
| § | |
| CYNTHIA WRIGHT § | |

COMPLAINT

I, James H. Mahon, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about October 28, 2002 and on or about November 25, 2002, in the Fort Worth Division of the Northern District of Texas, defendant, Cynthia Wright, did knowingly and willfully make a material false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the Executive Branch of the Government of the United States, to wit, the defendant knowingly and willfully submitted travel vouchers requesting reimbursement for travel expenses and certified that payment or credit had not been received by her, when in truth and fact Wright had previously charged the American Federation of Government Employee's (AFGE) Local 1298 Union's American Express credit card for these lodging costs, in violation of 18 U.S.C. § 1001.

1.  I am a Senior Special Agent with the Department of Justice, Office of Inspector General (DOJ/OIG), and as such, have authority to investigate violations of Federal laws, including 18 U.S.C. § 1001.

2.  On or about May 31, 2005, U.S. Department of Labor, Office of Labor Management Standards Investigator George D. Beamon, Dallas, Texas, advised me that he reviewed records from the American Federation of Government Employees (AFGE), Local 1298 Union, located at the Federal Medical Center (FMC) Fort Worth, Texas. These records include charges on a credit card, and checks made out to the Union president and FMC Fort Worth Bureau of Prisons employee, Cynthia Wright. Among the records reviewed by Inv. Beamon were charges incurred on the Union's American Express card by Wright from 1999 until 2002. In addition, Inv. Beamon stated that he

Complaint - Page 1

also reviewed the Union's J.P. Morgan Chase Business Checking account records, and records relating to Wright's government issued Bank One MasterCard credit card.

3. After reviewing these records, Inv. Beamon, informed me that from approximately January 1999 until in or around November 2004, Wright charged her personal expenses to the Union's American Express credit card, paid her government issued Bank One credit card with Union funds for government paid travel, and also wrote numerous checks from the Union's checking account to herself, totaling approximately $34,635.85. Among the personal expenses that Wright charged to the Union's credit card are: items from Home Depot, Victoria Secret, Warehouse Music, and other vendors, all items which did not benefit the Union in any manner.

4. On or about February 2, 2005, I received copies of travel vouchers filed by Wright with FMC Fort Worth, Texas, for official government travel on behalf of the U.S. Department of Justice, Federal Bureau of Prisons, for 2002 through 2004, from Special Investigative Agent (SIA) Fred Munoz. Munoz stated that Wright filed the vouchers with FMC Fort Worth for expenses incurred during official government travel, and that those expenses were paid by FMC Fort Worth to Wright.

5. On or about February 16, 2005, Federal Bureau of Prisons employee and FMC Fort Worth Correctional Officer Warren Crockett advised me that Wright, as president of the Union, sought reimbursement from the Union for airline and hotel expenses in connection with Union business and travel, when in truth and fact, Wright had been compensated for this travel by the U.S. Department of Justice, Federal Bureau of Prisons. Crockett also furnished the DOJ/OIG with various records, including copies of checks from the Union business account to Wright, and other records showing that Wright charged the Union for her personal and official government business. Crockett later advised me that although Wright had paid back some of these charges, a large portion remained outstanding.

6. On or about March 28, 2005, Inv. Beamon and I reviewed approximately 14 travel vouchers submitted by Wright to FMC Fort Worth for reimbursement for official government travel, from 2002 through 2004, and compared those vouchers with expenses charged to the Union by Wright, for alleged expenses incurred by Wright while attending Union business. Travel vouchers filed by Wright on October 28, 2002 and November 25, 2002, for official government travel to Washington D.C., were compared to the October and November 2002 American Express billing statements for the American Express credit card issued to Wright by the Union.

7. A review of the travel voucher dated October 28, 2002, revealed that Wright

claimed lodging of $600.00 and lodging tax of $87.00, totaling $687.00, for a trip to Washington D.C. from October 21, 2002 through October 25, 2002. The total amount of the voucher was for $1,127.16, and was paid by FMC Fort Worth to Wright. Attached to this voucher was a lodging receipt for $734.30, which included lodging costs for a hotel room for four (4) nights at $150.00 for a total of $600.00 and room tax of $21.75 for four (4) nights for a total of $87.00. A review of the Union's American Express billing statement revealed a charge to the Union credit card on October 25, 2002, for a lodging cost of $734.30 to Holiday Inn in Washington D.C. At the bottom of the October 28, 2002 travel voucher, Wright certified that payment or credit had not been received by her for these lodging costs, when in truth and fact, Wright had previously charged the Union American Express card for these lodging costs.

8.  A review of the travel voucher dated November 25, 2002, revealed that Wright claimed lodging of $600.00 and lodging tax of $87.00, for a total of $687.00, for a trip to Washington D.C. from November 18, 2002, through November 22, 2002. The total amount of the voucher was $1,159.08, and was paid by FMC Fort Worth to Wright. Attached to this voucher was a lodging receipt for $687.00, which included lodging costs for a hotel room for four (4) nights at $150.00 for a total of $600.00 and room tax of $21.75 for four (4) nights for a total of $87.00. A review of the Union's American Express billing statement revealed a charge to the Union American Express credit card on November 22, 2002, for a lodging cost of $515.25 to Homewood Suites in Washington D.C. At the bottom of the November 25, 2002 travel voucher, Wright certified that payment or credit had not been received by her for these lodging costs, when in truth and fact, Wright had previously charged the Union American Express card for these lodging costs.

8.  On March 28, 2005, Inv. Beamon advised me that the Union canceled the American Express credit card at the end of 2002. Inv. Beamon and I reviewed two other travel vouchers submitted by Wright to FMC Fort Worth for official government travel on June 24, 2003 and January 22, 2004. At the bottom of each travel voucher, Wright certified that payment or credit had not been received by her for these lodging costs. A review of these three vouchers included the following lodging costs:

   a.  Travel to Washington D.C. from June 9, 2003 to June 13, 2003, submitted to FMC Fort Worth for payment on June 24, 2003, with a total lodging cost of $687.00; and

   b.  Travel to Washington D.C. from January 12, 2004 to January 16, 2004, submitted to FMC Fort Worth for payment on January 22, 2004, with a total lodging cost of $687.00.

Complaint - Page 3

Inv. Beamon conducted a review of the J.P. Morgan Chase Business Checking account records for account number 357-07022957, belonging to the Union, and that the following checks were written to Wright:

    a.    Check No. 1918 dated June 24, 2003, made out to Wright for $876.49; and

    b.    Check No. 1951 dated January 21, 2004, made out to Wright for $1,050.00.

On each check, at the bottom of the check, under the line titled "This check is delivered in connection with the following account" appeared the words per diem, hotel/per diem, Legislation and Presidents Conference, and postage, among other items.

9.    On May 3, 2005, Inv. Beamon and I interviewed Wright at the DOJ/OIG office in Grand Prairie, Texas. I showed Wright the aforementioned five travel vouchers, American Express credit card statements, and copies of the aforementioned three checks. Wright verified her signature on each voucher and stated that she filed those vouchers with FMC Fort Worth and received payment. For the two travel vouchers dated October 28, 2002, and November 25, 2002, Wright had no response when asked why she had submitted travel vouchers on those two occasions claiming lodging costs of $687.00, when she had already charged those expenses to the Union's American Express credit card.

JAMES H. MAHON
Senior Special Agent
Dept. Of Justice, Office of Inspector General

Sworn to before me, and subscribed in my presence on, June 20, 2005 at 3:40 p.m., at Fort Worth, Texas.

CHARLES BLEIL
United States Magistrate Judge

Complaint - Page 4